IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-246-JLH |
| | ) | CONSOLIDATED |
| MICRON TECHNOLOGY INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] SCHEDULING ORDER**

This 1st day of ___June___ , 2026, ~~the Court having conducted an initial scheduling conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1(b), and~~ the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) **within five days** of the date the Court enters this Order. The parties agree that the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") shall not apply in this case and instead the parties agree to negotiate and submit a separate proposed order governing the discovery of electronically stored information ("ESI") to the extent email discovery is sought.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u>  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **January 15, 2027**. Such motions must follow the provisions of Paragraphs 9(g) and 10.

3.    Application to Court for Protective Order. Prior to the transfer of the Infringement Action to this Court, the court in the Eastern District of Texas entered a Protective Order (2:25-cv-557 D.I. 52) on August 11, 2025. Except as set forth below, that Protective Order shall govern and apply with equal force in this consolidated action. The Protective Order is amended to include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," *pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.*

4.    Papers and Proceedings Under Seal.  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.  Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript.  With their request, the party seeking redactions must

2

demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5. <u>Courtesy Copies.</u>  The parties shall provide to the Court two courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits, etc.).  This provision also applies to papers filed under seal.  All courtesy copies shall be double-sided.

6. <u>ADR Process.</u> Magistrate Judges will no longer engage in alternative dispute resolution in patent cases.  *See* District of Delaware Standing Order No. 2022-2, dated March 14, 2022.

7. <u>Disclosures.</u>  Absent agreement among the parties, and approval of the Court:

(a)   **By thirty (30) days from the date of this Order**, Netlist shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused Micron product(s) allegedly infringe(s).

(b)   **By ninety (90) days from the date of this Order**, Micron shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Micron shall also produce sales figures for the accused product(s).

(c)   On July 16, 2025, Netlist served Preliminary Infringement Contentions in the Infringement Action pursuant to Eastern District of Texas Patent Rule 3-1. These shall serve as Netlist's operative initial infringement contentions in these consolidated cases unless and until Netlist serves supplemental infringement contentions.

(d)   On September 24, 2025, Micron served Preliminary Invalidity Contentions in the Infringement Action pursuant to Eastern District of Texas Patent Rule 3-3. These shall serve

as Micron's operative initial invalidity contentions in these consolidated cases unless and until Micron serves supplemental invalidity contentions.

(e)     As these Preliminary Infringement and Invalidity Contentions are "initial," each party shall be permitted to supplement.

(f)     **By three weeks from the date of the claim construction Order, or October 1, 2027 (whichever is earlier),** Netlist shall provide final infringement contentions.

(g)     **By seven weeks from the date of the claim construction Order, or October 29, 2027 (whichever is earlier)**, Micron shall provide final invalidity contentions.

8. <u>Discovery.</u>   Unless otherwise ordered by the Court or agreed to by the parties, the limitations on discovery set forth in the Federal Rules and Local Rule 26.1 shall be observed.

(a)     <u>Discovery Cut Off.</u> All discovery in this case shall be initiated so that it will be completed on or before **January 28, 2028**.

(b)     <u>Document Production.</u> Document production shall be substantially complete by **September 11, 2027**.

(c)     <u>Requests for Admission.</u> A maximum of **50** requests for admission are permitted for each side. This limitation does not apply to requests for admission related to the authentication of documents and things. The parties are required to meet and confer in good faith prior to serving any requests for admission directed solely to the authentication of documents and things to determine whether the requests are necessary and/or reasonable. Parties must respond promptly to any request for such a meet and confer.

(d)     <u>Interrogatories.</u>

      i.     A maximum of **32** interrogatories, including contention interrogatories, are permitted for each side.

  ii.  All contention interrogatories shall first be addressed by the party with the burden of proof and supplemented in accordance with Fed. R. Civ. P. 26(e).

  iii.  The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

 (e) <u>Depositions.</u>

  i.  <u>Fact Witness Depositions.</u>

   (1) Each side may conduct up to 92 hours of fact depositions of party and non-party witnesses. The foregoing limits include depositions taken pursuant to Rule 30(b)(6) and 30(b)(1).

   (2) Each deposition of a party witness shall count as at least 3 hours on the record.

  ii.  With respect to depositions of party witnesses, the parties agree to work in good faith to schedule Rule 30(b)(6) depositions so that a corporate witness need not be deposed twice.

  iii.  With respect to third party depositions, the parties agree to work in good faith with each other to schedule third party depositions and to timely produce documents received from the third parties sufficiently in advance of the deposition.

   (3) All individual 30(b)(1) depositions shall be limited to seven (7) hours in accordance with the Federal Rules of Civil Procedure and subject to Rule 30(d)(1), except by agreement or for translated depositions, which are addressed in paragraph iv below.

   (4) The parties may serve more than one notice of deposition pursuant to Rule 30(b)(6).

  iv.  Depositions on written questions on third parties pursuant to Fed. R. Civ. P. 31, as well as depositions on written questions of custodians of business records for third parties, are also permitted but are not included in the limits stated in paragraph (e).

v.      Each side is permitted a deposition of each of the other side's experts for up to seven (7) deposition hours for each expert report submitted by that expert. An errata to an expert report submitted sufficiently prior to the scheduled deposition shall not automatically trigger an additional later deposition. This provision does not prevent the parties from meeting and conferring to discuss additional deposition time that may be needed related to a supplemental expert report. This provision also does not authorize supplemental expert reports. Absent showing of good cause, no expert shall be required to sit for a deposition for more than fourteen (14) deposition hours, however, experts shall not be required to testify for more than seven (7) hours of actual deposition time in one day unless stipulated or ordered.

vi.     If the parties desire to depose a common witness (fact or expert witness), the parties agree to work in good faith to schedule a single deposition of the witness. The parties shall meet and confer in good faith to define the number of total hours and the number of hours allotted to each party for that deposition. There shall be a presumption that a witness will not be required to sit for more than 10 hours on the record when multiple parties seek to take the deposition on common issues. The presumption can be altered for good cause.

vii.    For any deposition requiring the use of a translator, only sixty-seven percent (67%) of the time used will count toward the time limits (for example, 9 hours of translated deposition time would count as 6 hours for purposes of the deposition time limits).

viii.   Except as otherwise provided below, the parties may take oral depositions remotely via an online teleconference service so long as the witness, when testifying, is present in a country in which it is legal to take a deposition. The party noticing a remote deposition shall specify the platform to be used and the attorneys shall confer, if necessary, to agree on specific procedures that may be appropriate under the circumstances.  For remote depositions,

the defending attorneys may appear remotely via the same videoconference platform or appear in person at the location of the witness as long as everyone in the room is visible on the videoconference platform.

ix.       In the event that a witness is outside of the United States, the parties agree to meet and confer in good faith to coordinate making that witness available for a remote deposition as permitted under the applicable U.S. and international law and as logistically feasible.

x.       <u>Location of Depositions.</u>    The parties will negotiate a convenient location for the witness for any deposition. It is presumed that a videoconference deposition is sufficient if an in-person location for a deposition remains disputed after this negotiation.

(f)    <u>Disclosure of Expert Testimony.</u>

i.       <u>Expert Reports.</u>  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **February 25, 2028**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **April 7, 2028**.  Reply expert reports from the party with the initial burden of proof are due on or before **April 28, 2028**.  No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **May 26, 2028**.

ii.       <u>Expert Report Supplementation.</u>  The parties agree they **will** permit expert declarations to be filed in connection with claim construction briefing.

iii.       <u>Objections to Expert Testimony.</u>

7

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.  Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

(g)     <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

i.     The following procedures will apply to discovery matters and protective order disputes unless and until such matters are referred to a Magistrate Judge (who may specify their own procedures).  Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.     Should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order, the moving party (*i.e.,* the party seeking relief from the Court) should file a "Motion for Teleconference To Resolve [Discovery/Protective Order] Disputes."  The suggested text for this motion can be found in Judge Hall's section of the Court's website, in the "Forms" tab.

iii.     The Court will thereafter order a discovery telephone conference and deadlines for submissions.  On the date set by court order, generally not less than seventy-two hours prior to the conference (excluding weekends and holidays), the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the

responses in dispute. On the date set by court order, generally not less than forty-eight hours prior to the conference (excluding weekends and holidays), any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

        iv.     Each party shall submit two courtesy copies of its letter and any other document filed in support to the Clerk's Office within one day of e-filing. All courtesy copies shall be double-sided.

        v.     Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and cancel the conference.

    (h)    Any party may later move to modify these limitations for good cause.

9. Motions to Amend / Motions to Strike.

    (a)    Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading shall be made pursuant to the discovery dispute procedure set forth in Paragraph 9(g), above.

    (b)    Any motion to amend shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading. Any motion to strike shall attach the document sought to be stricken.

10. <u>Technology Tutorials.</u> Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

11. <u>Claim Construction Issue Identification.</u> On **December 18, 2026**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before **January 22, 2027**, the parties shall exchange their initial proposed constructions for those

term(s)/phrase(s).  These documents will not be filed with the Court.  Subsequent to exchanging their initial proposed constructions, the parties will meet and confer to prepare a Joint Claim Construction Chart **to be filed on February 12, 2027, two weeks prior to service of the opening claim construction brief**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is and how it differs from the other party's proposed construction.

12. <u>Claim Construction Briefing.</u> Netlist shall serve, but not file, its opening brief, not to exceed 20 pages, on **February 26, 2027**.  Micron shall serve, but not file, its answering brief, not to exceed 30 pages, on **April 2, 2027**.  Netlist shall serve, but not file, its reply brief, not to exceed 20 pages, on **April 23, 2027**.  Micron shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **May 14, 2027**.  No later than **May 28, 2027**, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.      Agreed-Upon Constructions

II.     Disputed Constructions

[TERM 1]

1.      Netlist's Opening Position

2.      Micron's Answering Position

10

3.     Netlist's Reply Position

4.     Micron's Sur-Reply Position

[TERM 2]

1.     Netlist's Opening Position

2.     Micron's Answering Position

3.     Netlist's Reply Position

4.     Micron's Sur-Reply Position

For each term in dispute, there should be a table setting forth the term in dispute and the parties' competing constructions. If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is and how it differs from the other party's proposed construction. The parties' briefing must also explain how resolution of the dispute is relevant to an issue in the case. The parties need not include any general summaries of the law relating to claim construction. The parties shall include a joint appendix that contains a copy of the patent(s) at issue, all relevant intrinsic evidence, and any other evidence cited in the parties' briefing.

**No earlier than June 17, 2027 (six weeks before the claim construction hearing) and not later than July 8, 2027 (three weeks before the claim construction hearing)** Delaware and Lead counsel (*i.e.*, those attorneys that will be leading trial) for the parties shall meet and confer and file an amended Joint Claim Construction Chart that sets forth all agreed-upon constructions and all terms that remain in dispute. The meet and confer shall focus on an attempt to reach agreement on any remaining disputed terms where possible and to focus the dispute over the remaining terms in light of the Joint Claim Construction Brief. The amended Joint Claim Construction Chart shall be filed with a letter identifying by name each individual who participated

in the meet and confer, when and how that meet and confer occurred, and how long it lasted.  If no additional agreements on constructions were reached or if no dispute was narrowed, the letter shall so state.  The parties shall e-mail a copy of the amended Joint Claim Construction Chart in Microsoft Word format to jlh_civil@ded.uscourts.gov.

13. <u>Hearing on Claim Construction.</u>  Beginning at 10:00 a.m. on **July 29, 2027**, the Court will hear argument on claim construction.  The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court.  The parties shall notify the Court, by joint letter submission, no later than the date on which their Joint Claim Construction brief is filed (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty days of the conclusion of the claim construction hearing.  If the Court is unable to meet this goal, it will advise the parties no later than sixty days after the conclusion of the claim construction hearing.

14. <u>Supplementation.</u>  Absent agreement among the parties, and approval of the Court, no later than **November 5, 2027**, the parties must finally supplement, *inter alia,* the identification of all accused products and of all invalidity references, respectively.

15. <u>Interim Status Report.</u>  On **September 18, 2027**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.  Thereafter, if the Court deems it necessary, it will schedule a status conference.

16. <u>Rule 12(c) Motions</u>

12

(a)    The parties shall file any Rule 12(c) motions **within forty-five days** of the date the Court enters this Order.  Answering briefs in response shall be due within three weeks of service of any opening briefs; and reply briefs shall be due within two weeks of service of any answering briefs.

17. <u>Case Dispositive Motions.</u>

(a)    All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **June 2, 2028**.  Briefing will be presented pursuant to the Court's Local Rules.  No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

(b)    <u>Concise Statement of Facts Requirement.</u> Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six pages, which details each material fact that the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried.  Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis.  To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment.  The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried.

Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record. The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four pages, on a paragraph-by-paragraph basis.

(c)    Page limits combined with *Daubert* motion page limits. Each party is permitted to file as many case dispositive motions as desired, provided, however, that each *side* will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each *side.*[1]

(d)    Hearing.  The Court will hear argument on all pending case dispositive and *Daubert* motions on **August 15, 2028** beginning at 10:00 a.m.  Unless otherwise ordered by the Court, each side will be allocated a total of seventy five minutes to present its argument on all pending motions.

18. Applications by Motion.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

---

[1]    The parties must work together to ensure that the Court receives no more than a *total* of 250 pages (*i.e.*, 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

19. <u>Amendments to the Scheduling Order.</u>  Any stipulation or other request to amend the scheduling order shall include a chart that lists each court-ordered event with a deadline/date (even if it is not being changed), the current deadline/date, and the new proposed deadline/date.

20. <u>IPRs/PGRs.</u>  Any party asserting a patent must file a "Notice of IPR/PGR Event" within seven days of any of the following actions taken on that patent: petition for *inter partes* review/post grant review (regardless of whether a party filed the petition), institution decision, final written decision, appeal to the Federal Circuit, Federal Circuit decision.  The Notice must list the action taken, the affected claims, the dates of any expected further action by the PTAB, and the status of all other pending IPRs/PGRs.

21. <u>Motions *in Limine.*</u>  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each side shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon.  Each *in limine* request may be supported by a maximum of three pages of argument, may be opposed by a maximum of three pages of argument, and the side making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

22. <u>Pretrial Conference.</u>  On **October 30, 2028**, the Court will hold a pretrial conference in Court with counsel beginning at 10:00 a.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order

in compliance with Local Rule 16.3(c) not later than seven days before the pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The proposed final pretrial order shall contain a table of contents.  The parties shall provide the Court two double-sided courtesy copies of the joint proposed final pretrial order and all attachments.

23. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u>  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven days before the final pretrial conference.  This submission shall be accompanied by a courtesy copy containing electronic files of these documents in Microsoft Word format, which should be submitted by e-mail to jlh_civil@ded.uscourts.gov.

24. <u>Trial.</u>  This matter is scheduled for a **5** day jury trial beginning at 9:30 a.m. on **November 6, 2028**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

25. <u>Judgment on Verdict and Post-Trial Status Report.</u>  Within seven days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict.  At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

26. <u>Post-Trial Motions.</u> Unless otherwise ordered by the Court, all *sides* are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

27. <u>Service by E-Mail.</u> The parties consent to service by email in accordance with Fed. R. Civ. P. 5(b)(2)(E) and agree that service on any party by e-mail shall be made on both Delaware and Lead Counsel for that Party.

_____

The Honorable Jennifer L. Hall
United States District Judge

**Chart of All Relevant Deadlines**

| EVENT | DATE |
|---|---|
| Rule 26(a)(1) Initial Disclosures | Five (5) days from the date of this Order |
| Identification of the accused products, asserted patents, and damages model | Thirty (30) days from the date of this Order |
| Rule 12(c) motions | Forty-five (45) days from the date of this Order |
| Production of core technical documents and sales figures related to the accused products | Ninety (90) days from the date of this Order |
| Exchange proposed terms for claim construction | December 18, 2026 |
| Joinder of Other Parties and Amendment of Pleadings | January 15, 2027 |
| Exchange proposed claim constructions | January 22, 2027 |
| Parties file Joint Claim Construction Chart | February 12, 2027 |
| Opening Claim Construction Brief | February 26, 2027 |
| Answering Claim Construction Brief | April 2, 2027 |
| Reply Claim Construction Brief | April 23, 2027 |
| Sur-Reply Claim Construction Brief | May 14, 2027 |
| Parties file Joint Claim Construction Brief | May 28, 2027 |
| Delaware and Lead Counsel shall meet and confer, file an amended Joint Claim Construction Chart setting forth all agreed-upon constructions and all terms that remain in dispute, and email a copy of the amended chart in Microsoft Word format to the Court. | No earlier than June 17, 2027 (six weeks before the Claim Construction Hearing) and no later than July 8, 2027 (three weeks before the Claim Construction Hearing) |
| Claim Construction Hearing | July 29, 2027 at 10:00 a.m. |
| Document production substantially complete | September 11, 2027 |
| Interim Status Report deadline. Counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference | September 18, 2027 |
| Netlist shall provide final infringement contentions | By three weeks from the date of the claim construction Order, or October 1, 2027 (whichever is earlier) |

18

| EVENT | DATE |
|---|---|
| Micron shall provide final invalidity contentions | By seven weeks from the date of the claim construction Order, or October 29, 2027 (whichever is earlier) |
| Parties shall finally supplement the identification of all accused products and all invalidity references | November 5, 2027 |
| Fact Discovery Cut-Off | January 28, 2028 |
| Opening Expert Reports (for the party who has the initial burden of proof) | February 25, 2028 |
| Rebuttal Expert Reports | April 7, 2028 |
| Reply Expert Reports | April 28, 2028 |
| Expert Discovery Cut-Off | May 26, 2028 |
| Case Dispositive and *Daubert* Motions Deadline | June 2, 2028 |
| Hearing on all pending Case Dispositive and *Daubert* Motions | August 15, 2028 at 10:00 a.m. |
| Pretrial Conference | October 30, 2028 at 10:00 a.m. |
| 5-Day Jury Trial | November 6, 2028 at 9:30 a.m. |